IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAYMOND D. NEWSOME, #1291626, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:09-CV-1097-K |
| | § | |
| BEVERLY J. WILSON, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined at the Hutchins State Jail of the Texas Department of Criminal Justice (TDCJ) in Dallas, Texas. Defendants are the following Hutchins State Jail employees: Mailroom Supervisor Beverly J. Wilson, unidentified mailroom clerks, and Warden T.M. Carmona. Also named as Defendants are TDCJ and the Mail System Coordinator Panel for all TDCJ Units in Huntsville, Texas.

The court did not issue process in this case. However, the magistrate judge sent a questionnaire to Plaintiff to clarify the factual basis for this suit. Plaintiff answered the questionnaire on August 14, 2009.

Statement of the Case: Plaintiff's complaint, as supplemented by the answers to the questionnaire, alleges that on February 24, 2009, the Hutchins State Jail mailroom opened his incoming legal mail outside of his presence in violation of his constitutional rights. By Inter-Office Communication dated February 26, 2009, Mailroom Supervisor Wilson notified Plaintiff that his legal mail from the Ottoway Law Office had been placed with general correspondence and mistakenly opened. In answer to the questionnaire, Plaintiff confirms that his legal mail was opened outside of his presence on at least three other occasions – in October 2008, January 2009, and March of 2009 – and that it was read without his permission on August 10, 2009. (Answer to Question 1 and p. 6 of the answers to the questionnaire). Plaintiff requests $125,000.00 in compensatory damages.[1]

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim

---

[1] Insofar as Plaintiff requests the implementation of new mailroom rules, his claim is not cognizable in this civil rights action.

upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-63, 127 S. Ct. 1955, 1968-69 (2007).

Interference with a prisoner's legal mail by a prison official may violate the prisoner's constitutional right of access to the courts, and/or the prisoner's First Amendment right to free speech, that is, freedom from unjustified governmental interference with communication. *Brewer v. Wilkinson,* 3 F.3d 816, 820 (5th Cir.1993).[2]

Plaintiff's complaint, even when liberally construed, fails to allege a claim under either constitutional provision. It is well settled that a prisoner does not have a constitutional claim if his incoming legal mail is opened and inspected outside of his presence, even if the inspection is in violation of prison regulations. *See Brewer,* 3 F.3d at 825 (recognizing that "the violation of [a] prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights" when there is no proof that such tampering was prejudicial to the inmate's access to the courts and when the practice was reasonable related to legitimate penological interests); *Henthorn v. Swinson,* 955 F.2d 351, 353 (5th Cir. 1992) (rejecting a complaint concerning the opening of legal mail not bearing the required "special mail" inscription outside of an inmate's presence); *see also Singletary v. Stadler,* 2001 WL 1131949 (5th Cir. 2001) (unpublished per curiam) (affirming that "prisoners

---

[2] Inmates have a First Amendment right both to send and receive mail, *see Thornburgh v. Abbott,* 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *See Brewer,* 3 F.3d at 821 ("A prisoner's freedom from censorship under the First Amendment ... with regard to his incoming mail is not the equivalent of freedom from inspection or perusal.") (citing *Wolff v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963 (1974)).

do not have a constitutional right to be present when privileged, legal mail is opened and inspected").

Nor does Plaintiff allege that he was prejudiced in any way in a legal proceeding because the mail room staff at the Hutchins State Jail opened his legal mail outside of his presence. *See Lewis v. Casey,* 518 U.S. 343, 349-51, 116 S.Ct. 2174 (1996) (an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct). *See also Sanders v. Carnley*, 100 Fed. Appx. 236, 237 (5th Cir. 2004) (unpublished per curiam) (assertions that sergeant opened prisoner's legal mail outside his presence were insufficient to establish denial of access to the courts); *Jones v. Mail Room Staff*, 74 Fed. Appx. 418, 419 (5th Cir. 2003) (unpublished per curiam) (inmate's failure to allege that he was prejudiced in any way in a legal proceeding or prevented from filing another grievance because the mail room staff opened his legal mail was insufficient to allege a violation of his right of access to the courts).

Further, Plaintiff's allegations raise at the most a claim of negligence which is not actionable in a § 1983 suit. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 664 (1986) (§ 1983 imposes liability for deprivation of constitutionally protected rights, not violations for tort duties); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995).

In answer to the questionnaire, Plaintiff alleges for the first time that on August 10, 2009, his legal mail from the Administrator of Victim Impact was read while he was standing within five feet of the mailroom clerk. (*See* Page 6 of the Answers to the Questionnaire). Even assuming Plaintiff had properly pled and exhausted this claim, it fails to rise to a constitutional

violation for the reasons set out above.  Accordingly, the court concludes that any claim based on the opening and reading of Plaintiff's incoming legal mail lacks an arguable basis in law and is frivolous.

Plaintiff's claim against Warden Carmona for failing to intervene fares no better.  It is well settled that an individual cannot be held liable in a § 1983 action unless he was personally involved or participated in alleged unconstitutional actions.  *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Nor can a supervisor be held liable in a § 1983 action pursuant to a theory of respondeat superior.  *See Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam).  *See also Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury).

Likewise, any claim against TDCJ and the Mail System Coordinator Panel is barred by the Eleventh Amendment. The Eleventh Amendment bars suit against a state or a state entity regardless of whether money damages or injunctive relief is sought.  *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Briggs v. Mississippi*, 331 F.3d 499 (5th Cir. 2003).  As a state instrumentality, TDCJ is immune from a suit seeking monetary relief on Eleventh Amendment grounds.  *Aguilar*, 160 F.3d at 1054.  Similarly, any suit against the Mail System Coordinator Panel, in their official capacities, is considered to be a suit against the official's office –i.e, TDCJ.

5

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed with prejudice as frivolous and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Signed this 23rd day of October, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.